Chief Justice Robertson
delivered the opinion of the Court.
The only question we shall consider in this case is, whether the plaintiff is entitled to a perpetuation of his injunction, to an enforcement of his sale bond, in consequence of the fact that the defendant in the execution under which the land was *642 sold (for which the bond was given) had no title to the land ?
Collection of it'sale bond given on the purchase, under execution,of a tract of land to which deft, in the execution had no 'title, will, if it appear that the sale was inade at the instance of the plaintiff in the execution, be enjoined.
Gowan, for plaintiff; Chinn, for defendant.
It sufficiently appears, that Daniel Colman (the defendant in the execution) had conveyed the land to Aaron Colman prior to the date of the execution; and there is no proof tending to shew that the conveyance was inoperative or fraudulent. The legal title must, therefore, he deemed to have been in Aaron Colman, and not in Daniel, at the time of the levy and sale.
It also sufficiently appears, that the levy and sale were made at the instance of the defendant in error, who was the plaintiff in the execution.
In such a case, the purchaser, acting in good faith, as the plaintiff seems to have done, has an equitable right to withhold the consideration. The defendant in error is not without his remedy against his original debtor.
Wherefore, it is decreed and ordered, that the decree of the circuit court, dissolving the plaintiff’s injunction and dismissing his bill, be reversed, and the cause remanded, with instructions’to perpetuate the injunction.